## UNIVERSAL OIL PRODUCTS CO. v. SKELLY OIL CO.

District Court, D. Delaware. December 7, 1927.

### No. 582.

Patents ⇐315—Newly discovered evidence held insufficient to authorize reopening and rehearing of issues involving validity and infringement of 1,281,884.

Newly discovered evidence *held* insufficient to authorize reopening and rehearing of issues involving validity and infringement of Trumble patent, No. 1,281,884.

On motion by defendant to reopen and for reargument. Motions denied.

For prior opinion, see 20 F.(2d) 995.

Thomas G. Haight, of Jersey City, N. J., Samuel E. Darby, Jr., of New York City, Charles M. Thomas and William F. Hall, both of Washington, D. C., and Frank L. Belknap, of Chicago, Ill., for plaintiff.

William H. Davis, Frank E. Barrows, Raymond F. Adams, and John F. Neary, all of New York City, James H. Hughes, Jr., of Wilmington, Del., and W. P. Z. German, of Tulsa, Okl., for defendant.

MORRIS, District Judge. After the handing down of the opinion in this case (20 F.[2d] 995), and before entry of decree, the defendant moved to reopen, that further testimony, newly discovered, might be adduced by the defendant, and for reargument. An examination of the testimony proposed to be offered convinces me that it is not of a character that would warrant the reopening of the case at this stage. It is neither controlling nor so persuasive as materially to affect any issue.

The briefs in support of the motion for reargument point out some false reasoning and erroneous conclusions upon subordinate issues in the opinion filed. They do not, however, as I understand them, materially disturb the main conclusions of invention, nonanticipation, utility and infringement. Invention is to be found, I think, in the conversion of the cycled batch process and still into a continuous cyclic process and still, notwithstanding the continuous process had been theretofore disclosed for distillation, and possibly for cracking, in the shell still, and notwithstanding a battery of shell stills might be used for cracking without clogging the connecting pipes.

Cracking oil precipitates carbon, which tends to settle in the heating zone. The increased rapidity of flow through the heating zone in the cyclic system tended to prevent settling in the heating zone, and to afford opportunity therefor in the tank from which the draw-off was taken. In minimizing the carbon difficulties, velocity was made to take in large measure the place of agitation by heat. Furthermore, in the shell still, the escape of carbon was in opposition to the force of gravity, while in the Trumble device gravity was made to aid. The continuous cyclic process constituted a new method of dealing with the carbon problem, possessing advantages greater and other than the sum of the advantages of the two systems.

That Trumble's invention possessed utility is, I think, adequately supported by that which his process and apparatus accomplished. The new evidence sought to be introduced is not sufficient to preponderate over that already in the record. It is true that Trumble did not reach at one leap ultimate perfection in his apparatus; but, as I see it, his invention contains the basic idea marking the entrance to the pathway followed by defendant.

Unless defendant's still can be held to be a shell still, as defendant contends it is, and unless claim 2, notwithstanding its difference from claim 3, must be construed so narrowly as to prevent the shifting of valve 22, as shown in Trumble's drawing, from pipe 21 of Trumble's drawing to pipe 52, as is in effect done by the defendant, I see no means by which defendant can escape infringement. I am not convinced that defendant's still is a shell still, as distinguished from a tube and tank still; nor am I satisfied that claim 2 and the accompanying apparatus, claim 4, should be so narrowly construed as to prohibit pressure upon the oil in the tank, particularly as claim 1 permits the same pressure in tube and tank.

The motions must be denied.